Rev. 12/2018

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUN 03 2019

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

_Kevin Theriot (Class representative) Michigan Prison Class members_

*Plaintiff's full name and prisoner number*

Plaintiff(s)

v.

_U.S. District Court Judges of Michigan_
_U.S. Court of Appeals Judges of the 6th Circuit._
_(See attached.)_

*Defendant's/defendants' full name(s)*

Defendant(s).

(If you cannot fit all of the defendants' names in the space provided, please write "see attached" in the space above and attach additional sheets of paper, as necessary, with the full list of names. The names listed here must be identical to those in Section II. Do not include addresses here. **Individuals whose names are not included in this section will not be considered defendants in this action.**)

Case No. 2:19-cv-00195-TOR

(leave blank – for court staff only)

CLASS ACTION
**PRISONER CIVIL RIGHTS COMPLAINT**

Jury Demand?
☑ Yes
☐ No

## WARNINGS

1.      Do not use this form if you are challenging the validity of your criminal conviction or your criminal sentence. If you are challenging your conviction or sentence, or if you are seeking restoration of good-time credits that would shorten your sentence, you must file a Petition for Writ of Habeas Corpus. If you use this form to challenge your conviction or sentence, you risk having your claim dismissed. Separate forms are available for filing a habeas petition.

2.      Under the Prison Litigation Reform Act ("PLRA"), you are required to exhaust all remedies in your institution's grievance system that are available to you before filing suit. This generally means that you must file a grievance and, if it is denied, appeal it through all available levels of review. Your case may be dismissed if you fail to exhaust administrative remedies, unless the administrative grievance process was not "available" to you within the meaning of the PLRA. You are not required to plead or show that you have exhausted your claim in this complaint.

Page 1 of 9

Paul L. Maloney
Janet T. Neff
Gordon J. Quist

Robert J. Jonker
Timothy P. Greeley
Vernet Maden
Alice M. Batchelder
Guy R. Cole JR
Unknown Clay
Unknown Keith
Unknown Kethledge
Unknown Thapar
Unknown McKeague
Unknown Siler
Unknown Cole

Defendants    page 1/1 of 9

ERIC STROMER
NOTARY PUBLIC, STATE OF MI
COUNTY OF HOUGHTON
MY COMMISSION EXPIRES Sep 9, 2025
ACTING IN COUNTY OF Baraga
5-17-19    E Str

Kevin O'Neat
5-17-19

3.      Please review your complaint carefully before filing.  If your case is dismissed, it may affect your ability to file future civil actions while incarcerated without prepaying the full filing fee.  Under the PLRA, a prisoner who has had three or more civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim cannot file a new action without first paying the full filing fee, unless the prisoner is in imminent danger of serious bodily injury.

4.      Under Federal Rule of Civil Procedure 5.2, papers filed with the court, including exhibits or attachments to a complaint, <u>may not</u> contain certain information, which must be modified as follows:

| Do <u>not</u> include: | Instead, use: |
|---|---|
| • a full social security number | → the last four digits |
| • a full birth date | → the birth year |
| • the full name of a minor | → the minor's initials |
| • a complete financial account number | → the last four digits |

5.      At this stage of the proceeding, you need not submit exhibits, affidavits, grievances, witness statements, or any other materials with this complaint to the Clerk's Office.  Any documents you submit *must relate directly to the claims you raise in this lawsuit.*  They will become part of the court record and *will not be returned to you.*

---

## I.    PLAINTIFF INFORMATION

Theriot Kevin Dwayne
_____
Name (Last, First, MI)                                          Aliases/Former Names

427068
_____
Prisoner ID #

Baraga Corr. Faci 13924 Wadaga
_____
Place of Detention

13924 Wadaga Rd
_____
Institutional Address

Baraga, MI 49908-9204
_____
County, City                          State                    Zip Code

*Indicate your status:*

| | | | |
|---|---|---|---|
| ☐ | Pretrial detainee | ☑ | Convicted and sentenced state prisoner |
| ☐ | Civilly committed detainee | ☐ | Convicted and sentenced federal prisoner |
| ☐ | Immigration detainee | | |

## II.     DEFENDANT INFORMATION

*Please list the following information for each defendant.  If the correct information is not*
*provided, it could delay or prevent service of the complaint.  Make sure that the defendant(s)*
*listed below are identical to those contained in the caption on the first page of the complaint.*
*Attach additional sheets of paper as necessary.*

Defendant 1:     Maloney, Paul L.
_____
Name (Last, First)

Judge
_____
Current Job Title

U.S. District Court 229 Post Office and Federal Building P.O. Box 698
_____
Current Work Address

Marquette                    MI              49855
_____
County, City                 State           Zip Code

Defendant 2:     Neff, Janet T.
_____
Name (Last, First)

Judge
_____
Current Job Title

U.S. District Court 229 Post Office and Federal Building P.O. Box 698
_____
Current Work Address

Marquette                    MI              49855
_____
County, City                 State           Zip Code

Defendant 3:     Quist, Gordon J.
_____
Name (Last, First)

Judge
_____
Current Job Title

U.S. District Court 229 Post Office and Federal Building   P.O. Box 698
_____
Current Work Address

Marquette                    MI              49855
_____
County, City                 State           Zip Code

Defendant 4:   Jenkins, Robert J
_____
Name (Last, First)

Judge
_____
Current Job Title

U.S. District Court 229 Post Office and Federal Building P.O. Box 648
_____
Current Work Address

Marquette                        MI              49855
_____    _____    _____
County, City                     State           Zip Code


Defendant 5:   Greeley, Timothy P.
_____
Name (Last, First)

Judge Magistrate
_____
Current Job Title

U.S. District Court 229 Post Office and Federal Building P.O. Box 648
_____
Current Work Address

Marquette                        MI              49855
_____    _____    _____
County, City                     State           Zip Code


Defendant 6:   Vermaat, Maarten
_____
Name (Last, First)

Magistrate Judge
_____
Current Job Title

ERIC STROMER
NOTARY PUBLIC, STATE OF MI
COUNTY OF HOUGHTON
MY COMMISSION EXPIRES Sep 9, 2025
ACTING IN COUNTY OF Baraga
5-17-19   E St

U.S. District Court 229 Post Office and Federal Building P.O. Box 648
_____
Current Work Address

Kevin O'Trent
5-17-19

Marquette                        MI              49855        Page 3 of 9
_____    _____    _____
County, City                     State           Zip Code

Defendant 7: Batchelder, Alice M.
Name (Last, First)

Chief Judge
Current Job Title

U.S. Court of Appeals United States Courthouse 100 E. Fifth Street, Ste 500
Current Work Address

Cincinnati, Ohio    45202-3988
County, City                    State                    Zip Code


Defendant 8: Cole, J.R., R Guy
Name (Last, First)

Chief Judge
Current Job Title

U.S. Court of Appeals United States Courthouse 100 E. Fifth Street, Ste 500
Current Work Address

Cincinnati              Ohio         45202-3988
County, City            State        Zip Code


Defendant 9: Unknown Clay
Name (First, Last)

Judge
Current Job Title

U.S. Court of Appeals United States Courthouse 100 E. Fifth Street, Ste 500
Current Work Address

Cincinnati              Ohio         45202-3988
County, City            State        Zip Code
                                     page 3.2 of 9

ERIC STROMER
NOTARY PUBLIC, STATE OF MI
COUNTY OF HOUGHTON
MY COMMISSION EXPIRES Sep 9, 2025
ACTING IN COUNTY OF Baraga
5-17-19    E Str

Kevin O'Brient
5-17-19

Defendant 10: Keith Unknown
Name (Last, First)

Judge
Current Job Title

U.S. Court of Appeals United States Courthouse 100 E. Fifth Street, Ste 500
Current Work Address

Cincinnati
County, City

Ohio
State

45202-7988
Zip Code

Defendant 11: Kethledge Unknown
Name (Last, First)

Judge
Current Job Title

U.S. Court of Appeals United States Courthouse 100 E Fifth Street, Ste 500
Current Work Address

Cincinnati
County, City

Ohio
State

45202-7988
Zip Code

Defendant 12: Thapar Unknown
Name (Last, First)

Judge
Current Job Title

U.S. Court of Appeals United States Courthouse 100 E Fifth Street, Ste 500
Current Work Address

Cincinnati
County, City

Ohio
State

45202-7988
Zip Code    page 3.1 of 9

ERIC STROMER
NOTARY PUBLIC, STATE OF MI
COUNTY OF HOUGHTON
MY COMMISSION EXPIRES Sep 9, 2025
ACTING IN COUNTY OF  Baraga
E Strom    5-17-19

Unknown or Court
5-17-19

Defendant 13: McCheague, Helman
Name (Last, First)

Judge
Current Job Title

U.S. Court of Appeals United States Courthouse 100 E Fifth Street, Ste 500
Current Work Address

Cincinnati                          Ohio          45202-7488
County, City                        State          Zip Code


Defendant 14: Siler, Helman
Name (Last, First)

Judge
Current Job Title

U.S. Court of Appeals United States Courthouse 100 E Fifth Street, Ste
Current Work Address

Cincinnati                          Ohio     45202  7488
County, City                        State       Zip Code


Defendant 15: Cole, Helman
Name (Last, First)

Judge
Current Job Title

U.S. Court of Appeals United States Courthouse 100 E Fifth Street, Ste 500
Current Work Address

Cincinnati                          Ohio          45202-7488
County, City                        State          Zip Code

Page 3. 4 of 9

ERIC STROMER
NOTARY PUBLIC, STATE OF MI
COUNTY OF HOUGHTON
MY COMMISSION EXPIRES Sep 9, 2025
ACTING IN COUNTY OF Baraga
5-17-19   E Str

Nearby & Client
5-17-19

### III.     STATEMENT OF CLAIM(S)

*In this section, you must explain what you believe each defendant did to violate your civil rights, and if you know, identify the federal statutory or constitutional right you believe was violated.*

*If you believe the defendant(s) violated your civil rights in more than one way, explain each violation under a different count. For example, if you believe you received constitutionally inadequate medical care and your religious rights were substantially burdened, include one claim under "Count I" (i.e., medical) and the other claim under "Count II" (i.e., religion).*

*Number your paragraphs. For example, in Count I, paragraphs should be numbered 1.1, 1.2, 1.3, etc., and in Count II, paragraphs should be numbered 2.1, 2.2, 2.3, etc. The first two paragraphs of each Count have been numbered for you.*

*If you have more than three counts, attach additional pages and follow the same format for each count.*

*If you attach documents to support the facts of your claim(s), you <u>must</u> specify which portion of the document(s) (i.e., page and paragraph) you are relying on to support the specific fact(s) of your claim(s). <u>If you do not specify the portion of the supporting document(s), the Court may disregard your document(s).</u>*

<u>COUNT I</u>

*Identify the first right you believe was violated and by whom:*

1.1  Denial of access to the courts by the U.S. District Court Western Judges, Clerks, and Magistrates.

*State the <u>facts</u> of your first claim below. Include all the facts you consider important. Be specific about dates, times, locations, and the names of the people involved. Describe exactly what each specific defendant did or failed to do that caused you injury or violated your rights, and include any other facts that show why you believe what happened was wrong. If you need additional space, you may attach extra sheets.*

1.2  ABC Avoidance Tactic. In Case No 218-CV-02 filed on 6-25-18, assigned to Judge Paul L. Maloney with Magistrate Timothy P. Greeley (who was named as a defendant in the same case), I was denied informa pauperis status in a opinion and order on 10-16-18 apparently with no magistrate on it but signed by Judge Paul L. Maloney. In Case No 218-CV-02, imminent threat and danger in the form of blood on the

Series without treatment, being a grandma's enemies and constantly assaulted, is alleged throughout this case. In order to deny me informa pauperis status, he completely ignored these ABC allegations. To further prove this purposeful avoidance of those facts, the exact same facts alleged allow me to proceed informa pauperis in Cases 217-W-160, 218-W-147, and a writ of habeas corpus 217-W-53. 1:3 In a opinion and order sworn, again apparently with no magistrate on it, Judge Paul L. Maloney stated how a access of courts claim in 217-W-160 for denial of grievance usage was already dismissed thus cannot be brought back up in Case No 218-W-92. This opinion and order dismissal was dated 2-11-19. In reality, the claim of court access in Case No 218-W-92 was not that same allegations alleged, and the court access claim in Case No 218-W-92 deals with denial of law materials, sending out legal mail and interference and did not deal with grievances whatsoever. In this denial he used the ABC avoidance tactic by acknowledging and addressing a non existent C and D. For the record, Case No 217-W-160 did not have a court access claim. 1:4 In the same opinion and order dismissal, he stated there was no proposed amended complaint filed in Case No 218-W-92, so he took the motion to amend the complaint as attached to the motion for supplement. However there was and is indeed a proposed amended complaint properly filed and sent with the rest of the pleadings. In this, he again avoided A D and C by acknowledging a non existent C and D. In this same opinion and order in denying my illegal placement in segregation claim, he said I didn't state atypical and significant facts and allegations. In my illegal placement in segregation claim and throughout Case No 218-W-92 I stated how I'm being refused health services, constantly

*State with specificity the __injury, harm, or damages__ you believe you suffered as a result of the events you described above in Count I.  Continue to number your paragraphs.*

Pain and suffering due to illegal tactics used with regard to the preliminary injunction temporary restraining order not addressed pursuant to Rule 65 of the Fed.R.Civ.P. in Case No 218-W-92 and Case No 217-W-160, which caused all the proceeding cases to happen, mostly assaults and sexual assaults.

being assaulted and sexually assaulted by staff, and constantly being written retaliatory misconducts. To deny these allegations properly claimed as atypical and significant, he avoided A,B and C by all the way ignoring it.

1.5. In this same opinion and order in denying my motion for a preliminary injunction and temporary restraining order, he stated I only asked for money damages. In my motion I asked also for immediate health services, to be let out of segregation, the retaliatory and illegal misconducts off my record, and a restraining order against the officers who kept assaulting me. In denying this motion, he avoided B and C while only addressing A.

1.6. The ABC tactic of avoidance is not just used in pleadings, its used by the clerk when receiving pleadings and other ways. In Case No 2:18-W-160, which Case No 2:18-W-92 proceeded and was a complete version of, the ABC avoidance tactic was used in several ways. On 4-10-18 I sent a notice of appeal that went completely ignored and not filed by the court. The same was done to the first order on 3-20-19

1.7 The opinion and order of Case No 2:18-W-92 on 2-1-19 referenced a bias and illegal opinion and order of Case No 2:17-W-160 that was issued on 4-4-18 that dismissed several claims and defendants because of it. Because of that, and the fact that newly discovered evidence was discovered on 2-2-19, I drafted a motion for relief of judgment. This motion went directly to the claims and defendants dismissed by the courts using illegal tactics. Though originally Case No 2:17-W-160 was assigned to Judge Janet T. Neff, by this point it was now under Judge Paul L. Maloney. In a order on 4-26-19 to the relief of judgment motion the judge denied my motion citing the voluntary dismissal I asked for in Case No 2:17-W-160 was granted on 6-26-18; However, my motion for relief of judgment was to the claims illegally dismissed by the court, not the ones I got dismissed. In denying this motion, he ignored A,B and C while only acknowledging D.

1.8 In Case No 2:18-W-92, I sent in a motion to change venue to the Washington District Court due to the biasness in the U.S. District Court Western of Michigan; In a opinion and order dated 2-11-19, Judge Paul L. Maloney denied it stating I could not change venues to the U.S. District Court Eastern. In this he avoided A,B and C by acknowledging a non existent D.

1.9 In Case No 2:18-W-92, because of the preliminary injunction/temporary restraining order filed, following Rule 65, I sent all the defendants a copy and sent a waiver of service pursuant to Rules. The waiver of service was ignored by all defendants. Because of that, I sent in a motion for default judgment after asking clerk to enter in defendants default. The clerk and the court never acknowledged the waiver of service that I sent, eventhough it is filed on the docket sheet. In the same opinion and order on 2-11-19 my motion for default judgment was denied without acknowledging the waiver of service ignored by defendants. This denial avoided A,B and C entirely.

ERIC STROMER
NOTARY PUBLIC, STATE OF MI
COUNTY OF HOUGHTON
MY COMMISSION EXPIRES Sep 9, 2025
ACTING IN COUNTY OF Baraga
E Strem   5-17-19

Kevin Grant
5-17-19

page 5 of 9

1.10  The ADC tactic of avoidance is being used and has been used on every motion I ever filed in Case No 218-CV-92, and every claim and defendant that was dismissed. Specifically other ones I havent named and broken down is the illegal gassing claim though court access, motions for supplements and amendments to the complaint; and motion for appointment of counsel.

1.11  Thus far without is how the judges when ruling on pleadings before the court, uses the ADC avoidance tactic. This tactic is also used by the clerk and magistrate in a way to not accept pleadings sent. This is done in two ways, not filing on the docket sheet; pleadings I sent. Another way is to file them on the docket sheet, but not acknowledge them in rulings whatsoever. In the former, I am forced to continuously resend those pleadings. In the latter I'm forced to keep sending in motions for reconsiderations. Either way it delays the pleadings.

1.12  The clerk and magistrate using the ADC avoidance tactic to not accept certain pleadings has happened abundantly of times. One of the more times and ways this was done was after the opinion and order on 2-1-19 of Case No 218-CV-92. Right after this opinion and order, I sent in motions for reconsiderations on all claims and defendants, and motions dismissed. I also sent in the relief of judgment in Case No 217-CV-160, and a motion to stay all proceedings in Case No 218-CV-92 until all that I sent was acknowledged, granted pursuant to rules. This was all sent on 2-8-19. The court, judge, clerk and magistrate of Case No 218-CV-92 (collectively) bias against me in favor of MDOC defendants didn't want to acknowledge these sent pleadings, and wanted to delay the case. So on 2-17-19 the court issued a delay in the form of a stay to mediate the case even though my stay motion was completely ignored. The courts stay said if any party objects to the stay do so in affidavit or it will be removed. I immediately objected on 2-14-19 in a affidavit. My affidavit objecting was completely ignored and not filed by the courts. Defendant Ohr objected on 2-19-19, and the stay was officially removed by defendant Timothy P. Greeley in a order dated 2-22-19. Though the stay was removed on 2-22-19, defendant Timothy P. Greeley sent out a order dated 2-25-19 rejecting all my motions for reconsideration for the opinion and order of 2-1-19, citing the reason for it is the stay. I immediately relent those motions. I've relent those motions four times, yet they are not still reflected on the docket sheet and I've written several letters about them, the clerk will not acknowledge these letters or address this issue. Recently, on 4-16-19, those same motions for reconsideration was again rejected. This rejection used yet again, another ADC avoidance tactic by the courts acting as if they were confused of why you were sending documents there. I've filed writ of mandamus, Judicial complaint and writs of certiorari on this court and have been ordered to send the copy to the judges in question. When I do so, with a letter explaining why the copies were sent, the clerk and court interferes by sending it back with a order stating plaintiff never not certain filed these documents in the wrong court. This purposeful act of ignorance is complete avoiding of ADC, and it also is done by the clerk in responding to letters.

ERIC STROMER
NOTARY PUBLIC, STATE OF MI
COUNTY OF HOUGHTON
MY COMMISSION EXPIRES Sep 9, 2025
ACTING IN COUNTY OF Baraga

5-17-19   E Strom

Kevin O'Jenn
5-17-19

page 5.2 of 9

1.13 The clerk and court not acknowledging certain pleadings I sent has happened abundance of time. More specifically, they've ignored all the Notice of appeals and declarations I've sent with Case No 217-CV-160, 218-CV-70, 218-CV-71, 218-CV-72, 218-CV-93, 218-CV-94, 218-CV-95, 218-CV-129, 218-CV-130, 218-CV-131, 218-CV-160, 218-CV-161, 218-CV-162, 218-CV-163, 218-CV-164, 218-CV-165, 218-CV-166, 218-CV-167, 218-CV-187, 218-CV-188, 218-CV-189, 218-CV-190, 218-CV-191, and 218-CV-192. Recently, all the Notice of Appeal in Case No 219-CV-14, 219-CV-15, 219-CV-16, 219-CV-17, 219-CV-18, 219-CV-20, 219-CV-21, 219-CV-24, 219-CV-25, 219-CV-26, 219-CV-27, 219-CV-28, 219-CV-55, 219-CV-56, 219-CV-57, 219-CV-58, 219-CV-53, and 219-CV-59 have not been filed. Ten more lawsuits I've sent are missing. The original version of this Class Action, sent to both this court and the U.S. District Court Western District of Michigan has been completely ignored and not filed by the Western District Court of Michigan. More importantly, two prisoners, Nathan Wylie and John Vidovg both want the court and allow said they be named as class members in the class action I sent.

1.14 Delay Tactic. Case No 217-CV-160 was the predecessor of Case No 218-CV-192, they were similar but not identical due to deficiencies created by the legal writer who mistakenly omitted claims and defendants. Case No 217-CV-160 did however, have the same motion for preliminary injunction and temporary restraining order filed initially with it on 9-25-17. This motion alleging imminent danger in the form of blood in the feces and asking for an injunction for immediate health services, also alleging another imminent danger in the form of constant assaulting and sexual assaulting staff defendants and asking for the restraining order to stop future incidents, and alleging a constitutional rights violation in the form of atypical and significant illegal indefinite segregation placement with each day creating a irreparable harm and asking for immediate release from segregation. Despite these allegations that warranted immediate consideration pursuant to Rule 65 of the Fed. R. Civ. P, that authorizes it, it was delayed until 4-4-18. This was done because as a regular practice, the U.S. District Court of Michigan treats any and all motions filed with the complaint initially, during a screen, no matter what is alleged, this is done strictly to prisoners.

1.15 Case No 218-CV-192 was filed on 6-25-18, and it had the exact same preliminary injunction but with more affidavits. Despite Rule 65 that authorizes immediate, expedient consideration, it was delayed until 2-1-19, where the ADC avoidance tactic was used to deny it.

1.16 All the motions for reconsideration for the opinion and order on 2-1-19 are being delayed. There was four motions for reconsideration for the opinion and order of 2-1-19. One was answered and denied. When a motion can be legally denied, this denial is done quickly. When it can't be denied, it is delayed. As a matter of fact, defendants motions are always instantly and immediately addressed, a prisoners motion is always mostly delayed.

ERIC STROMER
NOTARY PUBLIC, STATE OF MI
COUNTY OF HOUGHTON
MY COMMISSION EXPIRES Sep 9, 2025
ACTING IN COUNTY OF Baraga
E Stromer    5-17-19

Nathan Ozment
5-17-19

page 13 of 9

1.17 Twin Door tactic. The District Court uses the twin door tactic on majority of the motions a prisoner plaintiff filer with only one exception. The only exception is the motion to proceed informa pauperis. Any other motion will be denied no matter what by the writ using the MDOC avoidance tactic if it has to. There is only one western U.S. District Court Judge who has a complete deny all policy. That is Judge Paul L. Maloney, this is why he initially denied my informa pauperis status which used the delay tactic on my motion for reconsideration to finally sentence it on 11-30-18 but only after I sent affidavits to all the judges letting them know his illegal conduct and wrote a judicial complaint.

1.18 Though there are legal requirements that will able a litigator to grant certain legal procedures on motions like preliminary injunctions, appeals or remand, expedite consideration, or production of documents, non of this matters when these courts when dealing with pro se litigators. This type of treatment is authorized secretly by the illegal assessment tactic and illegal standard tactic.

1.19 Serving Defendant tactic. In Case No 218-CV-92, on the opinion and order of the court dated 2-1-19, Judge Paul L. Maloney used the serving defendant tactic on defendants Aaron Jeffries, Nurse Meads, Nurse Dalati to dismiss them as defendants but kept the deliberate indifference claim they were attached to. Defendants Spruce, Cluster, Duretti, Bouchard and Horsford, of 2-1-19 that referenced Case No 217-CV-160, were dismissed using the opinion and order of 2-1-19 that referenced Case No 217-CV-160. Though it was done, no reason was ever given for the dismissal, because all no longer works for MDOC. Completely unrelated, a albino black prisoner named Mayes has lawsuit on the West U.S. District court on Baraga staff, and they are using the serving defendants tactic on him with regard to a defendant named Orbs, who no longer works for MDOC.

1.20 The illegal assessment tactic. The MDOC defendants named in all the cases I've attached, with majority of them at Baraga where I'm still housed, and currently housed at, verbally harass me almost daily. With these faults, they have knowledge of the court cases I'm filing. Many times they know of attorneys or orders and pleadings, and tell me first giving me the heads up. This is because the courts and the MDOC defendants have regular, improper communications all the time. I was told by defendant Letarz of the ruling of Case No 218-CV-92 2-1-19 opinion and order before I received it in the mail.

1.21 Illegal standards tactic, illegal conclave tactic, limit pleadings tactic. In Case No 214-CV-19 in a opinion and order dated 7-7-19, a case only able to happen because of the delay tactics used in Case No 217-CV-160 and 218-CV-92, preliminary injunction and temporary restraining order that violated and court acknowledged pursuant to Rule 65, Judge Janet T. Neff ignored the PLRA states a prisoners allegations must be contrue and considered as true, and called what I said on it lies.

ERIC STROMER
NOTARY PUBLIC, STATE OF MI
COUNTY OF HOUGHTON
MY COMMISSION EXPIRES Sep 9, 2025
ACTING IN COUNTY OF Baraga
5-17-19    E Strom

Kevin O'Bryant
5-17-19

Page 5.4 of 9

1.22 Then in this same opinion and order, read in its entirety the other new cases I sent, cases that she was not assigned to, cases that had not been ruled on yet, and call them all liars. She on record called me a liar.

1.23 This was done first and foremost, because she is named as a defendant in one of these cases, and that is not Case No. 2:18-CV-42, which she is also named defendant. Secondly, she did this on record illegally, bias assessment of all those new cases in hopes that her fellow western district court judges, Paul L. Maloney, Gordon J. Quist, and Robert T. Tonker will use this opinion and order and reference them in the new case to dismiss them.

1.24. She also let the MDOC defendants, under clear cut message. That she is on their side, no matter what. This message further placed my life in danger, making MDOC defendants bolder in actions.

1.25 My prediction was correct, and Judge Janet T. Neff and magistrate Timothy P. Greeley's opinion and order of Case No. 2:19-CV-19 on 3-7-19, was then mass produced by fellow western district court judges for cases 2:19-CV-14, 2:19-CV-15, 2:19-CV-16, 2:19-CV-17, 2:19-CV-18, 2:19-CV-20, 2:19-CV-21, 2:19-CV-24, 2:19-CV-25, 2:19-CV-26, 2:19-CV-27, 2:19-CV-28, 2:19-CV-55, 2:19-CV-56, 2:19-CV-57, 2:19-CV-58, 2:19-CV-59 and 2:19-CV-59 erroneous case law. For proof that the court knew this was illegal, after my attempt to file the Writ of Certiorari on it, citing about the mass produced case law, the court stopped using it.

1.26. The case law, Denton V Hernandez, 504 U.S. 25 was used, and applied erroneously. I do acknowledge the courts discretion to dismiss a case as frivolous under 28 U.S.C § 1915 (d). However, this discretion is being used wrongfully to initiate e-limit pleading tactic. Though this wasn't the acknowledged and brought forth issue at hand in Denton V. Hernandez, the ninth court of appeals acknowledged the risk of the U.S. District court using and applying that discretion wrongfully when it said the actions alleged couldn't be dismissed as frivolous because it was impossible to take judicial note that none of the alleged claims had occurred.

1.27 This is what the courts did in the original and mass produced opinion and order. The redrawn Judges Janet T. Neff and Timothy P. Greeley ruled this way was because they had interest in the actions of these cases because they are named as defendant. As stated in the limit pleading tactic, a court will take this course when they feel too many pleadings at one time is coming from one prisoner.

Karin O'Thenot
5-17-19

ERIC STROMER
NOTARY PUBLIC, STATE OF MI
COUNTY OF HOUGHTON
MY COMMISSION EXPIRES Sep 9, 2025
ACTING IN COUNTY OF Baraga
E Stron    5-17-19

page 5.5. of 9

1.28. That if any say, the U.S. District Court ruled that way in Doten v. Hernandez and that is why the U.S. District Court ruled that way against me. Doten v. Hernandez may strain credulity to people from the outside looking into prisoner/staff affairs, but I know it is possible. Not only possible, but highly likely.

1.29. Doten v. Hernandez alleged that the administration, at several different facilities, incited for him to be raped. The U.S. District Court basically said to its screen that it was highly unlikely for that to have happened. Being incarcerated since 2002, I know firsthand this is how prison works. Let's say hypothetically, I have a problem with staff members at facility 1, if and when I'm transferred and the problem still exist, once at facility 2 staff are known to pick up the baton of harassment. The heads up will be done by facility 1 to facility 2, with notes left in property of prisoners that gets transferred, or calls placed. The good ole boy mentality that exist is heightened by staff who knew each other in training at the academy or working at the same facility in the past. However, staff that don't even know each other still would behave this way with no problem. You meet with one, you meet with them all. Facilities regularly exchange information about a prisoner, and facilities on the east also regularly exchange information. That is how it is done in Michigan.

1.30. Doten v. Hernandez and all the cases I outlined in these paragraphs may have been said to strain credulity but they are all possible, and highly likely in Michigan prisons. The behavior of prison officials are made bolder by the courts action, indirectly like Case No. 2:19-cv-19 opinion/order on 7-7-16, or directly by the off the record communications they have regularly.

1.31 Filing numerous amounts of actions does not automatically mean delusional, fantastic, or fanciful unbecredible. This is the stance the courts officially took on it too. This illegal front pleading tactic used both in Doten v. Hernandez and my pleadings, which said they were frivolous is complete erroneous case law applied.

1.32 A complaint is not automatically frivolous if it came with a lot more of them. In my case, the court refuse to acknowledge declarations I sent with them, like when the court refused to acknowledge truly the protective preliminary injunction and restraining order sent, yet called them frivolous. A complaint is only frivolous if it lacks an arguable basis on either law or fact. Factually frivolous complaints are those that describe fantastic or delusional scenarios. It may strain credulity that I could be treated so poorly by multiple prison staff, from different facilities, and this chain of corruption goes all the way up to high profile staff like governors and representatives that I contacted about these problems. That is, it might strain credulity to a fair and impartial judge presiding over it. I'm not accusing any Michigan District

ERIC STROMER
NOTARY PUBLIC, STATE OF MI
COUNTY OF HOUGHTON
MY COMMISSION EXPIRES Sep 9, 2025
ACTING IN COUNTY OF Baraga
5-17-19   E Strm

5-17-19          page 5.6 of 9

court judges at being fair and impartial. They arent and their scenarios did not, and do not strain credulity to them. Because of the illegal information regularly exchanged by the MDOC and courts, they not only havent doesnt strain credibility, but their scenarios are true. However to a fair and impartial judge, their scenarios may strain credulity, but not to the ninth circuit court or michigan prisons. As the ninth circuit observed, the court cant say that scenarios, even that fantasic or highly unlikely, never happened. The court only does that when applying a secret-delay tactic because the only way that the court can unilaterally say that is if they were present during the alleged incident, or that the alleged incident is completely impossible. Thus, the court has not claimed to be present at my alleged incidents, and every scenario I alleged is possible and did happen. One court thus observed, examples of claims lacking rational facts are only cases like Robinhood and his merry men deprived prisoners access to the court, see Lawler v. Marshall 898 F.2d at 1994, or when a prisoner proclaimed to be God see Neitzke v. Williams 490 U.S. 319. These cases state that during that may be deemed to strain credulity but still possible, it's not and cannot be deemed as fantastic, delusional, impossible, or illrational. Michigan courts calls a prisoner delusional/crazy and apply Neitze v. Williams as a way to ignore the pleadings for a Lawsuit pleading tactic.

1.33   The ninth circuit and the U.S. District courts backed why the 6th Circuit have jurisdiction on opinion about how 28 U.S.C. § 1915(d) is being applied. All the cases I've attached has always been/related as I said before I said so in declarations but with only complaint and letters. I also said so in my mail produced motion to reenact cases and relief for judgment. In the order to respond in case No 2:18-cv-95 on 3-6-19, Judge Boden J. Quist stated: the court has no duty to scour the record in plaintiffs many other cases to determine whether his allegations in those cases are true, at suffice to demonstrate imminent danger in this case. Moreover, allegations against other officials who are not defendants in this case do not necessarily constitute evidence to this case. Judge Boden failed to reference the initial declaration set with this case, linking the cases and incidents. More to the point, in case No 2:19-cv-195 opinion and order, Judge Janet T. Neff did exactly this, she scoured through the record of cases, the new cases I filed stating they were all lies and used this as evidence to dismiss it. Judge Boden J. Quist stated in case No 2:18-cv-95 opinion and order that they cant appose to do this, Yet he, Robert J. Jonker and Paul L. Malaney also all did this in the mass produced opinion and order to dismiss all the new cases I outlined. This is a direct contradiction of opinion and orders used by Boden J. Quist. The courts regularly contradict itself and take a stance, only if its convient to their secret goal, which is to dismiss any and all prisoners pleadings and protect MDOC.

1.34   Impartial Judges. District court Judges, Western and Eastern are anything but fair and impartial. They interpret the PLRA as authorization to make new policies and procedures to defeat prisoners litigation. They interpret the part of the act that was designed to stop Frivolous litigation as a greenlight to stop all prisoners litigation. In this understanding they essentially removed themselves from a judicial capacity and secretly perform as defense consul for the MDOC defendants.

ERIC STROMER
NOTARY PUBLIC, STATE OF MI
COUNTY OF HOUGHTON
MY COMMISSION EXPIRES Sep 9, 2025
ACTING IN COUNTY OF Baraga
E Strom   5-17-19

5-17-19

Page 5.7 of 9

More precisely in Case No 217-10-160 opinion and order in 4-4-18, she removed herself from a judicial capacity and raised a statute of limitations affirmative defense, violating Jones v. Bock, another Michigan U.S. District Court violation where Judges removed themselves from a judicial capacity and raised a affirmative defense. Judge Neff played on my ignorance and hope I would not catch this illegal act.

1.35 In this same opinion and order dealing with this illegally affirmative defense raised, she purposely, erroneously classified a statute of limitations as a failure to state a claim and not legally frivolous since failure to state a claim is a judgment on its merits and could not be brought back up. This opinion and order was later used in 218-10-42 for the purpose she set out for it to do.

1.36 In thinking for the future to protect MDOC staff and seeing the differences in Case No 217-10-160, she dismissed a non exhibit but meant to be raised court access claim, speaking about grievances. This non exhibit court access claim was later also used in Case No 218-10-42 order of 2-1-19.

1.37 There was numerous deficiencies in Case No 217-10-160 due to legal writers mistakes, omitting several claims and defendants. Claims such as a actual court access claim, and actual sexual assault claim that was later properly raised in Case No 218-10-42. However before Case No 218-10-42, I hastily put together a motion to amend the complaint. This motion was denied on 5-21-18 to again illegally protect MDOC staff and violating Jones v. Bock again.

1.38 On 6-14-18 Judge Janet T. Neff failed to sanction, or acknowledge Baraga staff refusing to obey a court order.

1.39 Presiding and subterfuge, Magistrate Judge Timothy P. Greeley wrote all the opinions in Case No 217-10-160. This means he ordered the illegal raising of affirmative defense raise, erroneous category it was placed into, and all the other illegal bias directions that Judge Janet T. Neff signed in orders. This also means the denial of amending the complaint opinion and order. Because of this, he and Judge Janet T. Neff were named as defendants in Case No 218-10-42. Because of this, he should not have been presiding over it as the magistrate but he was. Case No 218-10-42 and 218-10-193 are the exact same cases, Case No 218-10-193 was filed when Case No 218-10-42 was not allowed to proceed informa pauperis initially and I felt that because he was the ATTIC avoidance tactic to deny it, I could not get a fair and impartial case under him. Judge Paul L. Maloney is known to be the most unlawful, Federal District Court Judge in Michigan by us prisoners. Judge Gordon J. Quist is unlawful, but not as much as Paul L. Maloney. Because he is not as fair, Case No 218-10-193 was allowed to proceed informa pauperis. He also put out a order remaining Magistrate Timothy P. Greeley as magistrate. The unlawful Judge Paul L. Maloney cares not for fears not, so no

ERIC STROMER
NOTARY PUBLIC, STATE OF MI
COUNTY OF HOUGHTON
MY COMMISSION EXPIRES Sep 9, 2025
ACTING IN COUNTY OF Baraga
E Stro   5-17-19

5-17-19

page 5.8 of 9

Such administrative order was given in Case No 218-1U-42, Usually every order and opinion has a magistrate judge signature on it. However the opinion and order denying me informa pauperis status, really, the order denying it, and the opinion and order of 2-1-19 have no magistrate name on it. This was done because Timothy P. Greeley, really, was the magistrate on a case he is a defendant on, and used his position to dismiss claims and defendants, which included himself and did alot of damage to Case No 218-1U-42 that has not been undone, and that can't be fixed with a refund now. Corrective action has to be taken. To prove he was the magistrate, his name was on every other order named. The remand of the stay, the orders rejecting documents on 2-21, 2-22-19, and 2-25-19. His name is on the docket-sheet. His official recusal finally came only after I filed a writ of Certiorari stating he was a defendant and presiding over the same case.


1.40  Despite the conflict of interest, named defendant judges Janet T. Neff and Timothy P. Greeley, have still presided over my cases and used this position to greatly prejudice them all, which includes the original opinion and order Massie produced, created by them. On 1-23-18, Judge Janet T. Neff orchestrated a plot with Baraga staff to steal my legal work and physically assault me as a retaliation, a assault that took place. This, told to me by the assaulting officers of Baraga. Also told to me by Baraga staff on 2-2-19 she orchestrated a assault again and it was revealed to me by Baraga defendant in Case No 218-1U-42 that she has secretly been their counsel for years. Her recusal only came after the Writ of Certiorari was sent, but after she did damage to pleadings that has not been corrected.


1.41  On 2-28-19 I was being escorted to the shower by officers Massie and Hornhouy after being ordered to the shower or be gassed. Once placed in the shower, officer Massie said " I have a message from your friend, Paul L. Maloney" He then took out his tazer and zapped me. The officer laughed, then Hornhouy said " Happy Black History month". Because of a message from Judge Paul L. Maloney, as told to me by the staff, I named him as a defendant in Case No 218-1U-42 with a supplement complaint. He is still presiding over it.


1.42  High Profile Defendants. In all the mass produced opinions and orders, drafted by defendants Timothy P. Greeley, and original one signed by defendant Judge T. Neff, and used by Judges Robert J. Jonker, Paul L. Maloney, and Gordon J. Quist, which basically said the Ombudsman, ex governor, I know in office at the time Michigan prosecutor, and Michigan representatives, are highly unlikely to commit the acts I've accused them of in various cases. First, I've written personal, each and every one of them, and I have those correspondences as evidence. For the record, I've written abundance of other officials as well. I haven't actually them of anything. However, writing the ones I did accuse was how they initially gotten involved. — The ombudsman Investigated my claims, one came to visit me. The representatives investigated my claims, one came to visit me. The ombudsman The governor or prosecutor I wrote never returned a letter or came to visit me. It was actually Baraga

ERIC STROMER
NOTARY PUBLIC, STATE OF MI
COUNTY OF HOUGHTON
MY COMMISSION EXPIRES Sep 9, 2025
ACTING IN COUNTY OF Baraga
5-17-19    E Stm

Kevin O'Keist
5-17-19

page 5.9 of 9

staff were assaulting me in all but one incident, who knew I was writing abundance of high powered officials, that there assaulting came from the specific ones I named in each pleading. I took their word for it, but it was a lie, it was a lie to mislead me from the staff who were indeed assaulting me. \

1.43. Here's how those staff/high profile defendants could very likely be involved. Look at the on going violations that Judges Neff, Greeley, Quist, Tinker and Maloney commit to protect MDOC staff. In Michigan there is a state wide party, and used by all people working for the state against prisoners, minorities and poor people.

1.44. Limit pleadings tactic
Case No. 218-CV-76 was allowed to proceed informa pauperis and still pending. Like the rest of the cases sent around and behind it, it too had a declaration sent with it connecting all the cases. This declaration was completely ignored. Recently, the attorney general representing the defendants wrote me a letter stating she doesn't think this case should have received informa pauperis status, and it should be revoked. This may be going against my own interest, but I almost have to agree, with the acknowledgement of the declaration sent with it the case was worded just like every case from 218-CV-71 through 218-CV-83. So either they all should have been allowed to proceed informa pauperis or none of them. The reason it was, is because of the limit pleadings tactic applied. The courts reasoning was a tactic to appear a Disgruntled prisoner, still having issues with staff beyond the issues alledged on Case No 218-CV-42. The thought was to allow this case as well, and no more no matter what allegations are plead. The courts thinking they can as well manipulate this prisoner with appeasement, but appeasement could not happen when I was still being assaulted by staff with no preliminary injunction/temporary restraining order acknowledged and granted. If the informa pauperis status is revoked in Case No 218-CV-76, after already being granted, it shows the truth of a limit pleading tactic.

1.45 Questions of Immunity. Judges are absolutely immuned from damages in civil rights cases for acts taken in their judicial capacities. Unless they act in clear absence of all jurisdiction can they be held liable. Showing that the judge was wrong is not enough. You must show a complete departure from judicial roles see Mireles V. Waco, 502 U.S. 9, 11-17, 112 S ct 286 (1992). Every judge in this case are not immuned, and no longer in a judicial capacity. They are secretly performing as Damage staff/MDOC defendants counsel.

1.46. Imminent danger. I'm in imminent danger right now, issues I tried to get addressed in Case No 218-CV-42 preliminary injunction and temporary restraining order pursuant to Rule 65 of the Fed. R. Civ. P. Because they were not addressed, that imminent

ERIC STROMER
NOTARY PUBLIC, STATE OF MI
COUNTY OF HOUGHTON
MY COMMISSION EXPIRES Sep 9, 2025
ACTING IN COUNTY OF Baraga
5-17-19  E Stro

Kevin O'Toole
5-17-19

page 5.10 of 9

danger still exist. So as it stands right now, because the preliminary injunction motion didn't have a order to show cause why treatment should not be granted, I'm still having flows of blood in my feces, a condition that could be hepatitis (or worse and could lead to a coma or death. A condition Baraga staff is refusing me any and all treatment for. Because Baraga staff refuse to give me any treatment, only a injunction would force them to see Yarbaugh V. Roach 736 F.Supp 318 (D.D.C. 1990) Also with the filing of Case No. 2:18-1U-92, I am in imminent danger and needed a restraining order for protection against defendant Nurse on Case No. 2:18-1U-92, and Baraga's other staff. Because the 3 day factor and ATIC avoidance tactic was used, I'm placed in greater than enemies. Deny placed in greater than enemies is enough to satisfy imminent danger requirement, see Ashley V. Dilworth, 147 F.3d 715, 717, (8th Cir. 1998). Because I'm repeatedly assaulted by these than enemies and sexually assaulted as forwarned, and placed them in cases 2:18-1U-70, 2:18-1U-71, 2:18-1U-72, 2:18-1U-93, 2:18-1U-94, 2:18-1U-95, 2:18-1U-129, 2:18-1U-130, 2:18-1U-171, 2:18-1U-160, 2:18-1U-161, 2:18-1U-162, 2:18-1U-163, 2:18-1U-164, 2:18-1U-165, 2:18-1U-166, 2:18-1U-167, 2:18-1U-187, 2:18-1U-188, 2:18-1U-189, 2:18-1U-190, 2:18-1U-191, 2:18-1U-192, 2:19-1U-14, 2:19-1U-15, 2:19-1U-16, 2:19-1U-17, 2:19-1U-18, 2:19-1U-20, 2:19-1U-21, 2:19-1U-24, 2:19-1U-25, 2:19-1U-26, 2:19-1U-27, 2:19-1U-28, 2:19-1U-55, 2:19-1U-56, 2:19-1U-57, 2:19-1U-58, 2:19-1U-53, and 2:19-1U-59. There was also ten more unfiled cases, and there are also enough to satisfy the imminent danger requirement see Gibbs V. Roman, 116 F.3d 83, 84-86 (3d Cir. 1997) Only a restraining order will stop this.

ERIC STROMER
NOTARY PUBLIC, STATE OF MI
COUNTY OF HOUGHTON
MY COMMISSION EXPIRES Sep 9, 2025
ACTING IN COUNTY OF Baraga
5-17-19    E Stro

Kevin O Trent
5-17-19

page 5.11 of 9

## COUNT II

*Identify the second right you believe was violated and by whom:*

2.1  Denial of access to the courts by the U.S. Court of Appeals 6th Circuit Judges and Clerks

*State the facts of your second claim below. Include all the facts you consider important. Be specific about dates, times, locations, and the names of the people involved. Describe exactly what each specific defendant did or failed to do that caused you injury or violated your rights, and include any other facts that show why you believe what happened was wrong. If you need additional space, you may attach extra sheets.*

2.2 Delay Tactics. As already stated, the U.S. District Courts, Western and Eastern, uses a multitude of illegal and bias tactics on prisoner litigants and his pleadings in Michigan Courts. These illegal and bias tactics are not only upheld by the U.S. Court of Appeals 6th circuit, the 6th circuit also uses the same tactics to protect the District Court Judges. 2.3. More to the point, because of all the illegal tactics Janet T. Neff used in Case No 2:17-CV-160., I wrote a Judicial Complaint on her. The complaint was filed on or about 2-27-18, given the complaint no 06-18-90010 and it was assigned to Chief R. Guy Cole JR. Rule 4 dictates that a complaint should be answered as soon as possible or no more than sixty days. This complaint still has not been addressed. 2.4 Because all the illegal tactics Paul L. Maloney used and still using, in the still pending Case No 2:18-CV-82, I wrote up a judicial complaint. The complaint was filed on or about 10-22-18, given the complaint no 06-18-90100 and it was also assigned to Chief Judge R. Guy Cole JR. This complaint has not been answered. 2.5. One could say that these rulings are coming slower than Rule 4 dictates due to case load. That is not the case. As I've been saying these delays are on purpose. Years ago, I wrote a judicial complaint on Magistrate Timothy P. Greeley. on or about 2010. This complaint was given the no 06-10-90107 and assigned to Chief Judge Alice M. Batchelder. Despite the 60 Days requirement of Rule 4, this complaint ruling was purposely delayed until 10-23-13. More on Chief Judge

Alice M. Batchelder than just the illegal delay tactic he used, like the Judge Timothy P. Greeley did later on, she too was a judge and defendant on the same case. More specifically, she was named a defendant on Case No 2:12-CV-200, and she presided over its appeal.

2.6. A Writ of Mandamus, Case No 14-1045 for Case No 2:18-CV-92 was filed & Like the judicial complaints and all of its supplements, this Writ of Mandamus was asking for expedite screening of the informa pauperis status, so expedite consideration on my motion for preliminary injuction and temporary restraining order could be addressed legally pursuant to how Rule 65 dictates. All three pleadings asked for corrective action in the form of stop using the ABC avoidance tactics in pleadings. This Writ was sent on or around 8-1-18 and was delayed until 5-5-19.

2.7. The delayal of the Writ of Mandamus ruling, like the delayal of the motion for expedite consideration, and delayals of the judicial complaint robs a prisoner of the process by rendering it moot through time.

2.8 ABC Avoidance tactic. I originally sent the original Writ of Mandamus I drafted to the U.S. Court of Appeals and kept a copy for myself. The U.S. Court of Appeals did not acknowledge it. Five months had passed, on the are doing because I had been through it before! With the U.S. District Court Eastern and with Case No 5:12-CV-11164 Using several letters, I wrote another sending the copy I had sent to Judge Paul L. Maloney who sent it back using the interference with being served ABC tactic of avoidance by using the delay tactic. So I client it on. Only then did the U.S. Court of Appeal acknowledge it.

2.9. The Judicial complaint on Judge Janet T. Neff was initially dismissed using the ABC avoidance tactic. How I got the U.S. Court of Appeals to finally truly give me the process due was by sending a copy to the reviewing court in Washington stating how the U.S. Court of Appeals never addressed the actual issue I stated. In other words, I stated how the ABC tactic of avoidance was used.

2.10 The Judicial complaint originally wrote on magistrate Judge Timothy P. Greeley and assigned to Chief Judge Alice M. Batchelder was wrote about Case No 2:09-CV-199. It was wrote because according to the brief in opposition to a default

ERIC STROMER
NOTARY PUBLIC, STATE OF MI
COUNTY OF HOUGHTON
MY COMMISSION EXPIRES Sep 9, 2025
ACTING IN COUNTY OF Baraga
5-17-19    E Strom

Kevin Trent
5-17-19
page 6.1 of 9

legally entered in that case; assistant attorney general Christi Campbell stated how Magistrate Timothy P. Greeley contacted her. This communication was off record; I did not get any copy of any letters, orders, or correspondence that he spoke about even though I wrote multiple letters. Rule 2(H)(2)(c)(T) states exactly how this can't be done, and this is a issue recognized and can be complained about in a judicial complaint. Despite this, in the response delayed for three years, it used the ABC tactic of avoidance to not acknowledge the actual issue.

2.11  As stated with the delay tactic, it's sometimes aimed to make a motion or procedure moot. The writ of mandamus response was delayed to do that, and it still used the ABC avoidance tactic, not addressing the why expedited consideration was given due to the facts alleged in Case No. 218-W-42.

2.12  The actions by the courts are crystal clear. The U.S. Court of Appeals will first use a ABC tactic of avoidance in judicial complaints and writ of Mandamus of this kind. If that not work, then delay tactics are used. Delay until the behavior and case being complained about is long gone, before the U.S. Court of Appeals judges will not have to hold a U.S. District Court judge accountable for the illegal on record tactics that are being used. The verdict in Judicial complaint 06-10-90107 District case was delayed until the complained about actions in Case No. 209-W-149 were gone. When the case was over, It the issue delay to render a procedure moot.

2.13  This type of delay completely robs a prison plaintiff petitioner of the procedure of actual court access.

ERIC STROMER
NOTARY PUBLIC, STATE OF MI
COUNTY OF HOUGHTON
MY COMMISSION EXPIRES Sep 9, 2025
ACTING IN COUNTY OF Baraga
E. Stran   5-17-19

5-17-19

Page 6.2 of 9

---
---
---
---
---
---
---

*State with specificity the <u>injury, harm, or damages</u> you believe you suffered as a result of the events you described above in Count II. Continue to number your paragraphs.*

Incidents were 218-10-70, 218-10-71, 218-10-72, 218-10-47, 218-10-94, 218-10-95 218-10-178 218-10-170 218-10-171 218-10-160 218-10-161, 218-10-162 218-10-163 218-10-164 218-10-164 218-10-165 218-10-166, 218-10-167, 218-10-187, 218-10-188, 218-10-189, 218-10-140, 218-10-141, 218-10-142 219-10-14, 219-10-15, 219-10-16, 219-10-17, 219-10-18, 219-10-20, 219-10-21, 219-10-24, 219-10-25, 219-10-26, 219-10-27, 219-10-28, 219-10-55, 219-10-56, 219-10-57, 219-10-58, 219-10-51, N 219-10-59.

## COUNT III

*Identify the third right you believe was violated and by whom:*

3.1 Denial of access to the court by Michigans U.S. District Court Eastern and Western District Court Judges and U.S. Court of Appeals 6th Circuit Judges on all Michigan Prisoners.

*State the <u>facts</u> of your third claim below. Include all the facts you consider important. Be specific about dates, times, locations, and the names of the people involved. Describe exactly what each specific defendant did or failed to do that caused you injury or violated your rights, and include any other facts that show why you believe what happened was wrong. If you need additional space, you may attach extra sheets.*

3.2 Because of these tactics, prisoners are being denied a real, or actual, court access. Though what I've outlined has happened to me personally, which I have proof and much more scenarios I could give, these type of things happen to all prisoners. It can be proved if and when other prisoners are allowed to submit their evidence proving the class claims. 3.3 I don't want this court to be fooled. Just because a prisoner is allowed to file a complaint, doesn't mean they are getting court access

Any true and real court access will be fair and impartial. It will mean actually getting grievances addressed. It will mean actually being able to actually activate all legal procedures pursuant to the rules that are available in a 1983 complaint. A Prisoner does not get this. 3.4. Because of the unique position the courts are in, the power they hold, the experience they have, if the courts were ever dirty, bias, and illegally criminal, like the courts Michigan prisoners deal with, than they are really able to effect the quality of an american citizens life. 3.5. In Michigan, if you are black and potentially other minorities, poor, are incarcerated you don't get a fair and impartial court access. You cannot mart all the legally procedures whether you are allowed to or not, legally. 3.6. In Michigan, Judges, cops, prosecutors and correctional staff, take up for, bias, broke their laws, procedures, and policies to protect each other. The poor, most minorities but especially blacks, and prisoners, especially those with life, don't fall under that category. Its legality, a state worker pact. 3.7. In this pleading, I'm seeking the return of true court access not only that has been taken from me but all prisoners. The tactics used by the courts w/ judges named is questions of law common to all prisoners and the tactics are typical of what happens to all prisoners when litigating. Because of this, this class is so numerous and when all are and given a opportunity to join, joinder of class will be impracticable. As the plaintiff representative, I am seeking to protect all prisoners rights to access to the courts.

---

*State with specificity the <u>injury, harm, or damages</u> you believe you suffered as a result of the events you described above in Count III. Continue to number your paragraphs.*

Because of these tactics, there is untold suffering, injury, and damage created by the courts on Michigan Prisoners that I don't know and are unaware of

---

---

## IV.   RELIEF

*State exactly what you want the Court to do for you.  For example, you may be seeking money damages from an individual defendant, you may want the Court to order a defendant to do something or to stop doing something, or you may want both kinds of relief.  Make no legal arguments.  Cite no cases or statutes.*

I would like all the relief requested in Case No 2:18-cv-02 granted, and to be financially compensated for all the times I was assaulted and sexually assaulted in other cases. Lastly a injunction granted that allows and ensures a prisoners court access. If the lawyer assigned needs more help or resources, a U.S. Department of Justice investigation could prove all my claims. It's in the interest of justice.

## V.   SIGNATURE

*By signing this complaint, you represent to the Court that you believe the facts alleged to be true to the best of your knowledge, that you believe those facts show a violation of law, and that you are not filing this complaint to harass another person or for any other improper purpose.*

5-9-19
_____
Dated

_____
Plaintiff's Signature